## People of Porto Rico, Plaintiff and Appellee, *v.* Fundador Ramos, Defendant and Appellant.

No. 2536. Argued June 24, 1925.—Decided July 13, 1925.

Arms—Carrying Arms—Cane-knife—Evidence.—The fact that a person is sitting on a cane-knife is not of itself evidence that he is carrying it.

District Court of Humacao, Pablo Berga, J. Judgment of conviction of carrying arms. *Reversed.*

*Adolfo García Veve* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The charge in this case was that Fundador Ramos, on December 28, 1924, in La Ceiba, "carried on his person a cane-knife, an instrument with which bodily injury may be caused." When the case was called for trial the district attorney introduced his evidence and the defendant made a motion for a nonsuit which was overruled. The defendant offered no evidence and the court sentenced him to one month in jail for carrying prohibited arms.

Ramos appealed, assigning in his brief that the court erred in admitting the cane-knife in evidence and in refusing to acquit him peremptorily for lack of evidence.

As witnesses for the prosecution insular policemen José D. Ríos and Lorenzo Santana testified, the former as follows:

"That on the 28th of December, Sunday, at about 4 p. m., the witness was making his rounds with insular policeman Lorenzo Santana; that upon arriving at the boundary line between the ward of Machos of Ceiba and the ward of Demajagua of Fajardo they found a grocery store owned by Eleuterio Ramos open although it was Sunday and a prohibited game of monte going on therein, the dealer being defendant Fundador Ramos, who had under him where he was sitting a cane-knife which was seized. The district attorney showed a cane-knife to the witness and asked him whether he had seen it before, to which he replied that it was the same one seized by policeman Santana in possession of the defendant on December

28th at the store of Eleuterio Ramos, in the presence of the wit-ness . . .

"On cross-examination by the defendant's attorney he testified that although policeman Lorenzo Santana seized the cane-knife in possession of the defendant the witness was the corporal under whom policeman Santana was acting, saw when the cane-knife was seized and immediately held it in his hand; that the defendant was at the store of Eleuterio Ramos, his father, gambling with other people; that he had the cane-knife under him, that is, the defendant was sitting on the cane-knife; that Fundador Ramos was dealing when the cane-knife was seized in his possession, and this happened at about 4 p. m. on Sunday inside of a store that was open."

The other witness testified as follows:

"That he knows Fundador Ramos, the defendant in this case; that on the 28th of December, 1924, he went out to make his rounds with corporal Ríos (José D. Ríos) and at about 4 p. m. they came to the store of the father of Fundador Ramos and there found that a prohibited game was going on, and that the defendant was sitting on the counter with a cane-knife under him, for which reason he was charged with carrying the said cane-knife. The district attorney showed the witness a cane-knife and asked him whether he had seen it before, to which he replied that it was the same one that he seized in possession of Fundador Ramos while he was sitting on the counter of the store of his father.

"On cross-examination by the attorney for the defendant the witness testified that the cane-knife was on the counter and the defendant was sitting on the counter with the cane-knife under him; that the defendant was sitting on the cane-knife. The attorney for the defendant put the following question to the witness: 'Was he carrying the cane-knife?' To this the witness replied that he was sitting on it.

"The district attorney offered the cane-knife in evidence and the attorney for the defendant objected to its admission on the ground that it was an object which was on the counter and was not being carried by the defendant. The court admitted the cane-knife in evidence and counsel took exception."

From the foregoing testimony the only absolutely cer-tain conclusion is that the defendant was sitting on a cane-

knife and this is not proof that he was carrying it on his person. If to the facts shown evidence had been added that the cane-knife belonged to the defendant, perhaps the judgment of conviction might be upheld, but there was no such evidence.

The judgment appealed from must be reversed and the defendant discharged.